## Case No. 44.

### ADAMS et al. v. BANCROFT.

[3 Sum. 384;[1] 1 Law Rep. 319.]

Circuit Court, D. Massachusetts. Oct. Term, 1838.

CUSTOMS DUTIES—PROPERTY SUBJECT TO DUTY—ACT OF 1833—FRENCH SILK GLOVES—LAWS IMPOSING DUTIES STRICTLY CONSTRUED.

1. By the act of congress of 1833, c. 54, § 4, [4 Stat. 630, c. 55, § 4,] French silk gloves are free of duty upon importation.

[Cited in Whiting v. Bancroft, Case No. 17,575.]

2. Laws imposing duties are not construed beyond the natural import of the language, and duties are never imposed upon the citizens upon doubtful interpretations.

[Cited in Hartranft v. Wiegmann, 7 Sup. Ct. Rep. 1240, 121 U. S. 609; Devereaux v. City of Brownsville, 29 Fed. Rep. 754; Hedden v. Iselin, 31 Fed. Rep. 266; Swayne v. Hager, 37 Fed. Rep. 783.]

[3. Cited in Sixty-Five Terra Cotta Vases, 18 Fed. Rep. 510, to the point that one of the best-settled rules of interpretation is that articles grouped together are to be deemed to be of a kindred nature, unless there is something in the context which repels that inference.]

[See U. S. v. Ullman, Case No. 16,593; Powers v. Barney, Id. 11,361.]

[At law. Action of assumpsit by Charles F. Adams and others against George Bancroft, collector of the port of Boston and Charlestown, for money had and received.] The parties agreed upon the following statement of facts:—"The plaintiffs, in November last, imported a quantity of silk gloves from France. The defendant, who is collector of the port of Boston and Charlestown, in this district, refused to permit them to be entered free of duty, and required the plaintiffs to pay thereon a duty of twenty-three and a half per centum ad valorem. The plaintiffs protested against this claim as not authorized by law; but as they could not otherwise obtain possession of their property, they paid to the collector the sum of two hundred and ninety dollars, being the amount of duties claimed by him on the said merchandise, at the same time requesting him not to pay over that money to the United States, as they intended to commence an action against him to recover it back." [Judgment for plaintiffs.]

The cause was argued by Smith, in the absence of the district attorney, for the collector, and by C. P. Curtis, for the plaintiffs.

STORY, Circuit Justice. This is an amicable action to ascertain, whether by the tariff act of 1833, chapter 54, [4 Stat. 630, c. 55, § 4,] French silk gloves are free of duty upon importation. By the 4th section of that act, it is among other things enacted, that there shall be admitted to entry free from duty, "worsted stuff goods, shawls, and other manufactures of silk and worsted, manufactures of silk, or of which silk shall be the

component material of chief value, coming from this side of the Cape of Good Hope, except sewing silk." That these silk gloves came from France, and of course from a place this side of the Cape of Good Hope, is admitted; and that they are manufactures of silk is perfectly clear, so that they seem to fall within the descriptive words of the section, and as such are free of duty. Unless there be some other section in the act of 1833, or in some other act, which qualifies or modifies this general exemption, there would seem to be an end of the matter. But it is contended on behalf of the United States, that such a qualification or modification results by implication of law from the provisions of the tariff act of 1832, chapter 224, [4 Stat. 583, c. 227.] The argument is in substance this, that in the second paragraph of the second section of the act of 1832, mitts and gloves are made subject to a specific duty of twenty-five per centum, and silk gloves fall within this description; and that the fifteenth paragraph of the same act, which lays a duty "on all manufactures of silk, or of which silk shall be a component part, coming from beyond the Cape of Good Hope, ten per centum ad valorem, and all other manufactures of silk, or of which silk is a component part, five per centum ad valorem, except sewing silk, which shall be forty per centum ad valorem," was intended to cover other manufactures of silk, excluding silk gloves; and that the act of 1833 repealed the duty only on manufactures of silk, which are within the fifteenth paragraph.

It appears to me, that the argument is not well founded upon the true construction of the act of 1832. The second paragraph of the second section of that act appears to me to refer entirely to goods composed wholly, or in part of wool. It lays a duty "on all milled and fulled cloths of which wool shall be the only material, &c., five per centum ad valorem, on worsted stuff goods, shawls, and other manufactures of silk and worsted, ten per centum ad valorem, on woolen yarn four cents per lb., and fifty per centum ad valorem, on worsted, twenty per centum ad valorem, on mitts, gloves, bindings, blankets, hosiery, and carpets and carpeting, twenty-five per centum (with certain exceptions, not necessary to be named), on flannels, bockings, and baizes, sixteen cents the square yard, and upon merino shawls made of wool, all other manufactures of wool, or of which wool is the component part, and on ready made clothing, fifty per centum ad valorem." Now, construing this clause according to the ordinary rules of interpretation of statutes of this sort, it seems to me difficult to maintain that any other articles were within the scope of the paragraph, than those, which are wholly of wool, or of which wool is a component part. Every other article, except mitts, gloves, and bindings, would certainly fall within that pre-

dicament. Mitts, gloves, and bindings, may be of that material; and the closing words, "all other manufactures of wool, or of which wool is a component part," afford a very strong presumption that this must have been the intent of the legislature, as they grammatically, as well as logically, mean "other" than the preceding enumerated articles.

One of the best settled rules of interpretation of laws of this sort is, that the articles, grouped together, are to be deemed to be of a kindred nature, and of kindred materials, unless there is something in the context which repels that inference. Noscitur a sociis, is a well founded maxim, applicable to revenue, as well as to penal laws. But the fifteenth paragraph of the same act still more fully demonstrates that this must have been the intent of the legislature. That paragraph declares the duty "on all manufactures of silk, or of which silk shall be the component part, coming from beyond the Cape of Good Hope, ten per centum ad valorem, and on all other manufactures of silk, or of which silk is a component part, five per centum ad valorem, except sewing silk, which shall be forty per centum ad valorem." Now, this paragraph plainly in its terms includes all manufactures of silk, except sewing silk. Upon what ground, then, can the court say, that all manufactures of silk are not to be deemed included in the sense of that statute, when they fall within the terms? Certainly it is incumbent upon those, who insist upon any exception, to establish, that it unequivocally exists. It is not sufficient to show, that it might possibly exist inconsistently [consistently] with the words. It must be shown positively to exist. If the legislature had intended to except silk gloves, the exception ought to have been found in the paragraph. "Sewing silk" is excepted; and in such a case the exception of one thing is equivalent to an affirmation of the exclusion of all other manufactures of silk in the same paragraph. Exceptio probat regulam de rebus non exceptis. Besides, if the second paragraph is to be construed as including silk gloves, under the denomination of mitts and gloves, it becomes repugnant to the generality of the fifteenth paragraph. If, on the other hand, it be construed to apply only to mitts and gloves, of which wool is a component part, then the paragraphs are in perfect harmony with each other. In this way, all the language used has its fit and due application and meaning; and it is certainly the duty of courts of justice to give such an interpretation to every statute, as, if possible, will make all its provisions consistent with each other. I may add in this connection, that laws imposing duties are never construed beyond the natural import of the language; and

duties are never imposed upon the citizens upon doubtful interpretations; for every duty imposes a burthen on the public at large, and is construed strictly, and must be made out in a clear and determinate manner from the language of the statute.

But even supposing, that the act of 1832 would admit of the interpretation contended for, so as to include silk gloves under the denomination of "mitts and gloves" in the second paragraph, still it would by no means follow, that the act would not be repealed by the act of 1833. The fourth section of this act declares, that "worsted stuff goods, shawls, and other manufactures of silk and worsted" shall be free of duty; thus directly repealing the duty on the very articles contained in the second paragraph of the second section of the act of 1832, above cited. Then follow the words "manufactures of silk or of which silk shall be the component material of chief value from this side of the Cape of Good Hope, except sewing silk," which are also declared free of duty. Now, these words plainly, in their natural and obvious meaning, repeal all duties on manufactures of silk, except sewing silk. How, then, can the court say, that other exceptions shall be ingrafted on the words of the act? If silk gloves are still to pay duty, what manufactures of silk are not to pay a duty? No exception is made by the legislature, but of sewing silk. What ground is there for the court to create other exceptions? How can the court say, that it was not the policy of the legislature to repeal the duty on silk gloves, as well as on other manufactures of silk? The act makes no such exceptions, and implies none. I profess myself utterly unable to comprehend what authority the court have to insert a positive exception into the language of the act, not necessary to its sense, or to its declarations.

My judgment is, that "silk gloves" are by the act of 1833 free of duty, and, consequently, that the plaintiffs are entitled to recover back the duties paid by them.

I wish only to add, that this action, being between citizens of the same state, would not have been within the jurisdiction of this court from the character of the parties. It is, however, brought within the jurisdiction of the court in virtue of the second section of the act of the second of March, 1833, chapter 56, which extends the jurisdiction of the circuit courts of the United States "to all cases in law and equity arising under the revenue laws, for which other provisions are not already made by law." I have not thought it necessary, therefore, to examine into the form of the declaration, because the statement of facts, agreed to by the parties, clearly brings the case within the statute.